WILLIAM H. BELCHER AND CHARLES BELCHER, PLAINTIFFS IN ERROR, *v.* WILLIAM A. LINN.

The decision in the preceding case, with respect to the duty upon barrels when made in the United States, and brought back from Cuba filled with molasses, again affirmed.

· THIS case was brought up by writ of error from the Circuit Court of the United States for the district of Missouri.

It was a part of the case between the same parties reported two cases back, and was argued by the same counsel who argued that case.

Mr. Justice CLIFFORD delivered the opinion of the court.

This is a writ of error to the Circuit Court of the United States for the district of Missouri. The suit in the court below was brought by the present plaintiffs against the defendant as the surveyor and acting collector of the customs at St. Louis, to recover the amount of certain duties alleged to have been illegally exacted of the plaintiff, and paid by him to the defendant under protest. As alleged in the declaration, the duties were assessed on the value of a large number of barrels, manufactured by the plaintiffs in the United States, exported empty to Matanzas, in the island of Cuba, and brought back in 1853, filled with concentrated molasses or sugar. It was an action of assumpsit, and the declaration contained the usual counts for money had and received, together with a special count detailing all the circumstances on which the claim was founded. Defendant appeared, and the parties went to trial upon the general issue. At the close of the evidence, five prayers for instructions to the jury were presented by the plaintiffs, but the court refused to give any one of them; and at the request of the defendant, instructed the jury that on the whole evidence in the case the plaintiffs could not recover against the defendant. Whereupon the jury returned their verdict in favor of the defendant, and the plaintiffs excepted, and sued out this writ of error to reverse

the judgment rendered on the verdict. Under the circum stances of this case, as exhibited in the transcript, it will not be necessary to refer with much particularity to the evidence, as the sole question raised in the record is, whether the duties imposed upon the barrels by the appraisers were lawfully exacted. Satisfactory proof was introduced by the plaintiffs, showing that all the barrels were manufactured by the plaintiffs in the United States, and that they were exported empty to the foreign market, and there filled with concentrated molasses, or sugar in a green state, which was destined for the market of St. Louis. One of the plaintiffs' witnesses testified that the barrels, when they were received at the sugar-boiling factory of the plaintiffs in Matanzas, were empty, but when sent from thence to the United States, they were filled with the different products of that establishment. Such of the barrels as were designated to receive molasses were filled at the bung without being unheaded; but it was necessary to take out one head from those which were to be filled with concentrated molasses, and all such of course had to be re-coopered. And the same witness states, that in some instances it was necessary, after the barrels were placed in the sugar-boiling factory, to add new hoops, but in all other respects the barrels were filled and sent back in the same condition in which they were received. Unless the barrels were brought back in the same condition in which they were when exported, then it is clear that they could not be admitted to entry free of duty; and so, if the value of the barrel in which a dutiable article or product is imported is one of the proper charges which are required by law to be added to the actual market value or wholesale price of the importation, then it is equally clear that the same conclusion must follow. In the case of James Knight and others *v.* Augustus Schell, decided at the present term, both of those questions were determined against the plaintiffs in this suit. That case was determined upon full consideration, and we are all satisfied that the decision of the question was correct, and that the reasons given for the decision are all applicable to this case, and therefore they need not be repeated. It is impossible to hold that mo-

*Belcher et al.* v. *Linn.*

lasses barrels, manufactured here and exported to a foreign port, and there filled with molasses, whether it be the ordinary article or that denominated concentrated, and then reimported with their contents to this country, were brought back in the same condition as when exported, within the true intent and meaning of the acts of Congress. Contrary to the views of the plaintiffs, we think the words, "the same condition," mean not only that the identity of the article exported is preserved, but that its utility for its original purpose is unchanged. On this point, we adopt the view taken by the defendant, because it appears to be more consonant with the language of the provision under consideration, and with the obvious intent of Congress in passing it. Suppose it be so; then it almost necessarily follows, even within the principle assumed by the plaintiffs, that barrels filled with molasses and imported here formed a part of the charges of importation. They admit that such is the general rule, but seek to establish an exception which would include the present case. Now, unless the barrels were brought back in the same condition as when exported, then the reason on which the supposed exception is founded fails; and it is difficult to see why the present case does not fall within the admitted general rule. Outside packages belonging to the merchant were required to be estimated and their value added to the actual cost of importation at a very early period; and without referring to the subsequent acts of Congress and the regulations of the Department, which were cited in the briefs of the counsel, the better opinion is, we think, that charges include in general the value of the sack, package, box, crate, barrel, hogshead, bale, cask, all outside coverings belonging to the merchant, or, so to speak, the integument of the importation, and that the value of the same, to be estimated at the usual cost to the importer, should properly be added to the actual market value or wholesale price of the importation, in order to ascertain the true basis on which to assess the duty. For these reasons we are of the opinion that the rulings and instruction of the Circuit Court were correct, and the judgment is accordingly affirmed, with costs.